United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT R. MOSKO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THD AT-HOME SERVICES, INC.,<br><br>　　　　　　Defendants.<br>_____ | Case No.: C -05-472   PVT<br>ORDER DENYING MOTION TO<br>DISMISS UNDER RULE 12(B)(1) |

### I.　INTRODUCTION AND FACTUAL BACKGROUND

This dispute involves roofing work on the house of Plaintiff Scott Mosko ("Mosko"). Mosko claims that: 1) his driveway was damaged by the installation equipment; and 2) the roofing work was done improperly. Defendant, THD At-Home Services ("THD") has moved to dismiss under Rule12(b)(1), claiming lack of federal diversity jurisdiction. Defendant argues that the amount in controversy in not met and that it is not a proper defendant because "Home Depot" signed the contract, as opposed to THD.

Plaintiff resides in Los Gatos, California. (Complaint ¶ 5.) Defendant THD is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Complaint ¶ 6.) On August 18, 2004, Mosko entered into a home improvement contract with Defendant. (Complaint ¶ 7.) The contract provided:

> "Job to be completed on or before 9-20-04. Home Depot incurs a 5% per day penalty each day after 9-20 until the job is completed."

ORDER, *page 1*

> "Purchaser understands Home Depot offers a 50 year warranty covering the cost of materials & labor in the event a problem occurs with the roof."

(Complaint ¶ 7, Mosko Decl. Exh. B.)

The contract states it is between the purchasers and "Home Depot U.S.A., Inc. "Home Depot'" (Contract, Mosko Decl. Exh. B.) However, the contract also states on top of that same page "Sold, Furnished & Installed by THD At-Home Services, Inc. d/b/a/ The Home Depot At-Home Services." (Id.) Additionally, the Certificate of Completion signed by Mr. Mosko is on stationary that references only "The Home Depot At-Home Services." (Certificate, Gomes Decl. Exh. B.) Moreover, multiple pieces of evidence indicate that Home Depot and THD are the same entity. Mr. Mosko requested that Home Depot provide a quote on a new roof. (Mosko Decl. ¶ 1.) Mr. Michael Hunt ("Hunt") contacted Mr. Mosko saying he was from Home Depot, but provided a business card that said "THD At-Home Services, Inc." (Mosko Decl. Exh. A.) Hunt signed the contract, which has only one signature line stating only "Sales Consultant". (Contract, Mosko Decl. Exh. B.) Hunt introduced Mosko to Bob Licon ("Licon"), stating that he was Home Depot's project manager for the job. (Mosko Decl. ¶ 5.) Licon's business card also stated: "THD At-Home Services, Inc." (Mosko Decl. Exh. C.) Mosko also declares that Licon stated that Home Depot and THD At-Home Services were the same entity. (Mosko Decl. ¶ 11.)

Prior to September 20, 2004, Licon, Gomes and Mosko met at the Mosko residence. At that meeting, Mosko identified "portions of the work that THD did pursuant to the home improvement contract that were unsatisfactory." (Complaint ¶ 8.) Mosko claims that Licon acknowledged that the work was deficient and represented that the work would be completed on or before October 10, 2004. (Id.) Although it is not clear from the complaint, the deficient work refers to damage caused to the driveway of the Mosko residence. (Opp at 1, Mosko Decl. ¶¶ 6-7). Mosko claims that Licon represented that the repair work was covered by the home improvement contract. Licon, however, proposed that Mosko execute a Notice of Completion, stating that as the Notice of Completion would only cover the actual roofing work. (Mosko Decl. ¶ 8.) Mosko further asserts that THD represented that it would complete the work by October 10, 2004 in order to induce Mosko to agree to orally amend the contract to allow the completion date to move from September 20, 2004 to October 10, 2004, but had no intention of completing the work by the new deadline. (Complaint ¶ 15.) On these facts, Mosko asserts both Fraud

1  and Negligent Misrepresentation on the same facts. (Complaint, First and Second Claims.) Mosko also

2  claims breach of contract for the damage to the driveway. (Complaint, Third Claim.)

3        In January 2005, the repair work on the driveway had not been completed. (Complaint ¶ 10.) In

4  addition, portions of the roofing material installed on the Mosko residence pursuant to the home

5  improvement contract fell off the roof. (Complaint ¶ 11.) Mosko contacted THD sales consultant, Hunt,

6  who arranged for an inspection. The inspector stated that the material appeared to have come loose from

7  the area around the fireplace, but that he could not confirm the extent of the damage without climbing onto

8  the roof. The inspector promised to return the following day to perform a thorough inspection and to

9  correct the problems with the roof. (Complaint ¶ 11.) On January 24, 2005, approximately two weeks

10 after the inspection, Mosko contacted Hunt, who expressed surprise that neither the driveway nor roof

11 problems had been resolved. (Complaint ¶ 12.) On January 29, 2005, a Susan Shapiro contacted Mosko

12 and stated that an inspector performed a second inspection and advised that no repairs were necessary.

13 Mosko denies that any inspector advised that repairs were unnecessary. (Complaint ¶ 12.) On these facts,

14 Mosko claims breach of contract (Complaint, Fourth Claim.)

15 **II.  LEGAL STANDARD**

16   Rule 12(b)(1) allows this Court to dismiss a claim for lack of jurisdiction. "It is a fundamental

17 principle that federal courts are courts of limited jurisdiction." <u>Owen Equip. & Erection Co. v. Kroger</u>,

18 437 U.S. 365, 374 (1978). Thus, the plaintiff bears the burden of establishing subject matter jurisdiction.

19 A court must presume lack of jurisdiction until the plaintiff establishes otherwise. <u>Kokkonen v. Guardian</u>

20 <u>Life Ins. Co. of America</u>, 511 U.S. 375 (1994); <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir.1986)

21 (The party seeking to invoke federal court jurisdiction has the burden of establishing that jurisdiction is

22 proper.).

23       In order to establish jurisdiction based on diversity, the parties must be of diverse citizenship and

24 the complaint must place $75,000 in controversy. 28 U.S.C. § 1332(a). When a defendant challenges the

25 truth of the jurisdictional allegations in the complaint, it is called a "factual attack" or "speaking motion." In

26 reviewing a factual attack, the Court may properly consider facts outside of the Complaint, can evaluate

27 disputed facts to determine jurisdiction, and need not assume the truthfulness of the allegations in the

28 //

1  complaint.[1] However, where the jurisdictional issue and substantive issues are so intertwined that the
2  question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional
3  determination should await a determination of the relevant facts on either a motion going to the merits or at
4  trial. Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). Therefore, the moving party
5  should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to
6  prevail as a matter of law.  Unless that standard is met, the jurisdictional facts must be determined at trial
7  by the trier of fact. Thornhill Publishing v. General Tel. & Elec. Corp., 594 F.2d 730, 733-35 (9th Cir.
8  1979). Additionally, the amount in controversy is generally determined from the face of the pleadings.
9  Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1130-31 (9th Cir. 2000). The sum claimed by the
10 plaintiff controls so long as the claim is made in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co.,
11 303 U.S. 283, 288-89 (1938). "To justify dismissal, 'it must appear to a legal certainty that the claim is
12 really for less than the jurisdictional amount.' " Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471,
13 1473 (9th Cir. 1997) (quoting St. Paul Mercury Indem. Co., 303 U.S. at 289.

14        Here, THD is making a factual attack because it attacks the truth of the jurisdictional allegations of
15 the complaint. THD claims that $75,000 is not in controversy and it claims that it did not enter into any
16 contract with Mosko. Resolution of the jurisdictional attack is dependent on factual issues going to the
17 merits: 1) is the penalty clause enforceable; 2) does the penalty clause cover damage to property; 3) does
18 the penalty clause cover work completed timely, but defectively; and 4) is THD bound by the contract at
19 issue. Accordingly, THD is only entitled to prevail if it can show that the material facts are not in dispute.

20 **III.   DISCUSSION**
21     **A.    Jurisdictional Amount**
22           1.    Validity of Penalty Clause

23  THD first argues that the penalty clause is not valid because the contract required that any
24 modifications be "in writing in a separate agreement signed by [plaintiff] and Home Depot." THD claims
25 that this provision means that the handwritten penalty clause is not valid. The clause states in full: "Entire

---

[1] In contrast, a "facial attack" is a challenge to the sufficiency of the allegations in the Complaint. In a facial attack, the Plaintiff enjoys the same standards and safeguards as apply to a motion under Rule 12(b)(6): the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. Abramson v. Brownstein, 897 F.2d 389, 391 (9th Cir. 1990).

Agreement: This agreement and its attachments contain the complete agreement between the parties and cannot be amended or modified unless in writing in a separate agreement signed by Purchaser and Home Depot." (Mosko Decl. Exh. B.) THD does not, however, explain why the phrase "this agreement and all its attachments" does not include the handwritten penalty clause. In fact, to the extent that the handwritten and pre-printed terms conflict, the hand-written terms control. Penthouse Intern., Ltd. v. Barnes, 92 F.2d 943, 949 (9th Cir. 1989). Thus, THD has not shown to a legal certainty that the penalty clause is invalid.

### 2. Whether the Work Was Completed on Time

THD next argues that the work was completed on time and, therefore no penalty has accrued under the penalty clause. Mosko, however, argues that the penalty clause applies to the failure to fix the damage caused to the driveway during the installation work and the failure to fix the defective roof work. THD next argues that no penalty could have accrued because Mosko signed the certificate of completion. Mosko, however, claims that his signature on the Certificate of Completion was procured by fraud and THD should be estopped from relying upon it. Mosko claims that Licon expressly represented to him that the Certification of Completion only referred to the roofing work and not to the driveway. (Mosko Decl. ¶ 8.) Thus, THD has not shown that it is entitled to prevail as a matter of law, or "a legal certainty" that the jurisdictional amount has not been met and resolution of these claims must await resolution on the merits.

### B. Proper Party Defendant

THD asserts that this court is without jurisdiction because Home Depot, not THD, was the contracting party. As discussed above, there is, at a minimum, a dispute of fact as to whether THD was the contracting party. Additionally, Mosko asserts that THD is liable for the obligations of the contract signed by Home Depot because Home Depot was either the agent or the ostensible agent for THD. Thus, THD's argument that it is not bound by the contract does not deprive this Court of jurisdiction.[2]

//
//
//

---

[2] Mosko sought leave to add Home Depot as a Defendant if the Court were inclined to grant THD's Motion to Dismiss. Even though THD's motion is denied, Mosko may add Home Depot as a Defendant is Granted.

**IV.    CONCLUSION**

        IT IS HEREBY ORDERED that THD'S Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated:   May 18, 2005

                                    /s/ Patricia V. Trumbull
                                  PATRICIA V. TRUMBULL
                                  United States Magistrate Judge